**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FRANKLIN CAPITAL HOLDINGS, LLC, an Delaware limited liability company, )<br><br>Plaintiff, )<br><br>v. )<br><br>FUELL, INC., a New York corporation, ED TUCKER DISTRIBUTOR, INC., a Texas corporation, and FRANCOIS-XAVIER TERNY, an individual, )<br><br>Defendants. ) | Case No.: |

**NOTICE OF REMOVAL**

Defendants, Fuell, Inc. ("Fuell") and Francois-Xavier Terny ("Terny") (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, hereby remove *Franklin Capital Holdings, LLC v. Fuell, Inc., Ed Tucker Distributor, Inc., and Francois-Xavier Terny*, Case No. 2022 CH 6375, from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, where it is currently pending, to the United States District Court for the Northern District of Illinois, Eastern Division. In accordance with 28 U.S.C. § 1446(a), Fuell and Terny provide the following basis for removal:

**I.     STATEMENT OF JURISDICTION**

1.     The District Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and this case should be removed pursuant to 28 U.S.C. § 1441, because it is a civil action between "citizens of different States" wherein the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

2.     As set forth below, jurisdiction within the District Court is proper and the action is timely and properly removed upon the filing of this Notice of Removal.

## II. THE STATE COURT ACTION

3. On July 1, 2022, Plaintiff, Franklin Capital Holdings, LLC ("Plaintiff"), filed a Complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division, Case No. 2022 CH 6375 (the "State Court Action"). Summons was issued, but the Complaint has not been served on either Fuell or Terny. (*See* Declaration of Francois-Xavier Terny, attached as Exhibit A, ¶ 5.)

4. Fuell and Terny first learned of the existence of the State Court Action and documents filed therein on or about July 7, 2022. (Exhibit A, ¶ 6.) (True and correct copies of the Complaint, Emergency Motion for Temporary and Preliminary Injunction, and all accompanying documents filed by Plaintiff and orders are attached hereto as Exhibit B.) *See* 28 U.S.C. § 1446(a) (requiring submission of all process, pleadings, and orders served upon a removing defendant).

5. The Complaint asserts various claims against Fuell and Terny arising out of a lending and accounts purchase relationship between Plaintiff and Fuell. Plaintiff also asserts claims against Defendant, Ed Tucker Distributor, Inc. ("Tucker"), for an account stated and unjust enrichment. (*See* Complaint, at Exhibit B).

6. Plaintiff seeks damages "in an amount in excess of $721,060.00 to be determined at trial, plus costs, interest and attorneys' fees." (Exhibit B, at Count I Prayer for Relief, Count II Prayer for Relief, Count III Prayer for Relief, and ¶ 62.)

## III. REMOVAL IS APPROPRIATE UNDER 28 U.S.C. § 1332(a)

7. Removal is appropriate under 28 U.S.C. § 1332(a). Plaintiff, Tucker, Fuell, and Terny are completely diverse, and the amount in controversy exceeds $75,000.

8. For purposes of diversity, the citizenship of a limited a limited liability company is the citizenship of its members. *See Equity Tr. Co. Custodian f/b/o Jeffrey M. Wagner I.R.A. v.*

*Windwrap, LLC,* 449 F. Supp. 3d 763, 766 (N.D. Ill. 2020); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."). Here, Plaintiff pleads that it is a Delaware limited liability company with its principal place of business in Highland Park, Illinois, but does not plead the citizenship of each of its members. (Exhibit B, ¶ 6.) In order to determine the citizenship of Plaintiff's members, Defendants searched the available public records, including information from the Delaware Secretary of State's office and from Plaintiff's other filings in in the United States District Courts. Plaintiff has admitted in other filings before this Court that it is a citizen of Delaware and Illinois. *See Franklin Capital Holdings, LLC v. Christopher Smedley, Thomas Seifert, and Philip Dejoy,* Case No. 1:14-cv-08001 (N.D. Ill. 2014) (Dkt. No. 1, ¶ 1) (asserting that "Franklin is a Delaware limited liability company with its principal place of business located in Highland Park, Illinois" [and that] "[e]ach of the members of Franklin is a citizen of Illinois or Delaware."). Accordingly, Plaintiff is a citizen of Delaware and Illinois.

9. Fuell is a New York corporation with its principal place of business in New York, New York, and Tucker is a Texas corporation with its principal place of business in Fort Worth, Texas. (Exhibit B, ¶¶ 7, 9.) *See* 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ."); *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The diversity statute deems a corporation a citizen of any state in which it is incorporated and also of the state in which it has its principal place of business.")

10. Terny, the Chief Executive Officer of Fuell, is domiciled in and therefore a citizen of New York. (Exhibit B, ¶ 8.) *See Cordero v. Torres*, 18-CV-6863, 2019 WL 3287840, at *2 (N.D. Ill. July 22, 2019) ("[C]itizenship of an individual is determined by domicile.").

11. Given that Plaintiff is not a citizen of either Texas or New York, and that none of the Defendants, Fuell, Terny or Tucker, are citizens of Delaware or Illinois, the citizenship of the parties is completely diverse pursuant to Section 1332(a)(1).

12. The amount in controversy requirement is also satisfied. Plaintiff seeks damages "in an amount in excess of $721,060.00. . . ." (Exhibit B, at Count I Prayer for Relief, Count II Prayer for Relief, Count III Prayer for Relief, and ¶ 62.) *See Milwaukee Ctr. for Indep., Inc. v. Milwaukee Health Care, LLC,* 929 F.3d 489, 491 (7th Cir. 2019).

### IV.     ALL OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

13. 28 U.S.C. § 1446(b)(1) provides that a notice of removal must be filed within 30 days after service of process of a complaint:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

14. The Supreme Court of the United States has held that the 30-day clock does not begin to run until formal service of process of a complaint and summons. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *see also Brown v. Lirios*, 391 Fed. Appx. 539, 541 (7th Cir. 2010) ("[W]hen service occurs after the complaint is filed, a defendant has thirty days from the date of proper service to remove."); *Phoenix Container, L.P. ex rel. Samarah v. Sokoloff*, 83 F. Supp. 2d 928, 930 (N.D. Ill. 2000) ("The Supreme Court recently clarified § 1446(b) by holding that the thirty-day removal period does not begin to run until a defendant is

formally served with the complaint."); *Murphy Bros., Inc.* 526 U.S. at 356 (1999) (noting the time for Removal is triggered by the actual service of the Complaint, rather than its receipt by other means); FED. R. CIV. P. 6(a).

15. Here, Fuell and Terny have yet to be served with the State Court Action, and therefore, the 30-day removal period has not begun. In any event, Fuell and Terny became aware of the State Court Action on or about July 7, 2022. (Exhibit A, ¶ 6.) Even if the 30-day clock were to begin to run on July 7, 2022, Fuell and Terny's Notice of Removal would be due on August 7, 2022. Accordingly, the instant Notice of Removal is timely.

16. The proper venue for removal is the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. The Northern District of Illinois, Eastern Division, hears cases in Cook County, Illinois. 28 U.S.C. 93(a)(1).

17. Further, 28 U.S.C. § 1446(a) requires true and correct copies of "all process, pleadings, and orders served upon" a defendant to be attached to the notice of removal. Fuell and Terny have not been served with any papers in the State Court Action. However, through other means, Fuell and Terny have obtained copies of the Complaint and accompanying pleadings and orders, which are filed herewith as Exhibit B. Other than the Summons, Complaint, Emergency Motion for Temporary and Preliminary Injunction, no other documents have been filed to date in the State Court Action.

18. Pursuant to 28 U.S.C. § 1446(d), Fuell and Terny will promptly serve on Plaintiff and file with the Circuit Court of Cook County, County Department, Law Division, a "Notice to State Court and Adverse Parties of Removal of Action to the United States District Court." *See* 28 U.S.C. § 1446(d).

## V. CONSENT TO REMOVAL

19. According to the to the court docket for the Circuit Court of Cook County, Illinois, County Department, Chancery Division, on July 5, 2022, Tucker was served with the Summons and Complaint.

20. Pursuant to Section 1446(b)(2)(A), Tucker has consented to the removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division. (*See* a copy of Tucker's Consent to Removal, attached as Exhibit C.)

## VI. RESERVATION OF RIGHTS AND DEFENSES

21. Fuell and Terny hereby reserve all of their defenses and rights, including the right to object as to service, personal jurisdiction, venue, defenses, exceptions, rights, and motions, and none of the foregoing shall be construed in any way as conceding the truth of any of Plaintiff's allegations or waiving any of Fuell's and Terny's defenses or objections. Fuell and Terny deny that Plaintiff has stated a claim for which relief may be granted.

**WHEREFORE**, Defendants, Fuell, Inc. and Francois-Xavier Terny, pray that *Franklin Capital Holdings, LLC v. Fuell, Inc., Ed Tucker Distributor, Inc., and Francois-Xavier Terny*, Case No. 2022 CH 6375, currently pending in the Circuit Court of Cook County, Illinois, County Department, Law Division, be removed therefrom to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: July 13, 2022  **Fuell, Inc. and Francois-Xavier Terny**

By: */s/ Mitchell J. Edlund*
 One of their attorneys

6

Mitchell J. Edlund
Corey T. Hickman
COZEN & O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 474-7900
Facsimile: (312) 474-7898
medlund@cozen.com
chickman@cozen.om

## **CERTIFICATE OF SERVICE**

I, Mitchell J. Edlund, an attorney, hereby certify that on July 13, 2022, I filed the foregoing **Notice of Removal** electronically, via Electronic Case Filing (ECF), which shall send notice to all counsel of record.

/s/ *Mitchell J. Edlund*

LEGAL\58661133\3